## Conerty, Appellant, *v.* Litzinger.

Argued April 8, 1936. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN and STERN, JJ.

*J. Campbell Brandon,* of *Brandon & Brandon,* with
him *Cobau & Berry,* for appellant.

*Joseph A. Beck,* with him *Carmen Marinaro* and *B. A.
Sciotto,* for appellee.

OPINION BY MR. JUSTICE STERN, May 25, 1936:

The Litzinger Oil Trust was a common-law trust or-
ganized in 1920, of which defendant was trustee and
plaintiff was one of the shareholders. It was engaged in
the development and operation of oil and gas lands. In
1924 it went through a course of voluntary liquidation
and distributed sums found to be due to the various
shareholders. The amount to which plaintiff was en-
titled was $7,787.67 and a check in that amount was de-
livered to him. However, there was then pending a con-
troversy between the federal government and the Litz-
inger Oil Trust in regard to income tax claims, and some
arrangement had to be made by the distributees with de-
fendant to protect him as trustee against possible liabil-
ity arising from such claims. In plaintiff's case this
arrangement took the form of plaintiff immediately en-
dorsing back to defendant the check which defendant
had given him; at the same time plaintiff signed a docu-

ment authorizing defendant to invest the money at six per cent interest, to be paid quarterly, "for the purpose of holding the fund intact and applying my portion thereof, pro rata, against any tax, if any, that may hereafter be assessed or levied against him as trustee aforesaid; and thereafter to pay to me my proper pro rata share of said fund remaining after any such tax liability, if any, is assessed and paid."

As soon as he received the check endorsed by plaintiff, defendant turned it over to the Butler Oil Sales Company. Thereafter plaintiff was paid, in quarterly installments, interest at the rate of six per cent on said sum of $7,787.67 until June 12, 1928.

In 1929 plaintiff brought a bill in equity against defendant individually and as trustee of the Litzinger Oil Trust alleging that defendant had been guilty of illegal and fraudulent acts in connection with the management of the trust and praying for an accounting. The chancellor in that proceeding found that defendant had purchased from himself as trustee some of the trust property located in Pennsylvania and decreed that he should account for the same; a final decree was entered in 1933. At the time the equity suit was instituted there had not been a final settlement between the Litzinger Oil Trust and the federal government in relation to the income tax controversy, but in 1933 the matter was adjusted by the tax being assessed against the various shareholders among whom the assets of the trust had been distributed, and defendant was not obliged to pay any tax on behalf of plaintiff.

In 1931 plaintiff brought the present suit in assumpsit, seeking to recover the sum of $7,787.67 with interest from the time of the last payment thereof in June, 1928. The statement of claim declared that plaintiff had loaned this money to defendant. At the trial testimony was taken principally on the question of the identity of the Butler Oil Sales Company. Plaintiff claimed that this was merely a trade name for defendant and that the lat-

ter individually owned the business of that company. In support of such claim plaintiff produced evidence that in 1922 defendant had registered himself as such owner under the Fictitious Name Act, and that in 1926 defendant had, by indenture, conveyed the assets of the business to Butler County Oil Refining Company, and in the indenture had declared himself to be the sole and exclusive owner of Butler Oil Sales Company, further stating that said company was a common-law trust but that he was the owner of all the beneficial shares thereof. Defendant's contention, on the other hand, was that Butler Oil Sales Company was a distinct legal entity, that defendant was not the owner thereof, and that plaintiff was at all times aware of this fact. The court instructed the jury that if they found defendant was the proprietor of Butler Oil Sales Company and transacted his own business under its name, they should find for plaintiff. The jury returned a verdict in plaintiff's favor, but subsequently the court entered judgment for defendant n. o. v., from which action plaintiff appeals.

In support of his motion for judgment n. o. v., defendant relied upon two contentions, one, that the present action was res adjudicata by virtue of the equity suit brought in 1929, and the other, that there was variance between allegata and probata in that the statement of claim declared on a loan whereas the evidence disclosed that the money was given by plaintiff to defendant with an accompanying document by which defendant was authorized to invest the fund. The court approved defendant's contention as to the application of the doctrine of res adjudicata; it did not discuss the question of variance.

An analysis of the facts of the case leads clearly to the conclusion that the adjudication in the equity case had no relevancy to, much less conclusive effect upon, the present suit. The sum of $7,787.67 here in controversy was given to plaintiff as his distributive share in the voluntary liquidation proceedings. It was then returned

by him to defendant under a new and independent arrangement by which this specific sum was to be repaid to plaintiff less any part thereof that might be required by defendant to take care of plaintiff's liability as a shareholder of the trust in connection with the income tax controversy. The equity proceedings of 1929 sought an accounting from defendant for various acts in connection with the management of the trust, but this sum of $7,787.67 was then, and for several years had been, a closed item as far as the trust was concerned, and the mere fact that originally this money had come to plaintiff out of the trust funds was as wholly irrelevant to the controversy in the equity proceedings as it is to the present issue. The tax liability had not been determined when the equity suit was brought, and therefore the item here involved was not due and payable at that time and could not, in any event, have been recovered in those proceedings, nor did the chancellor purport to determine defendant's liability in regard to it. It is obvious, therefore, that the equity suit could not have acted as an adjudication of plaintiff's present claim.

Defendant's other contention, as to the alleged variance between allegata and probata, is likewise without merit. The document authorizing investment of the fund is ambiguous in that it also provides for payment of interest by defendant to plaintiff. Even assuming that its legal effect originally may have been to make defendant a trustee of the fund and not a borrower, the jury's verdict establishes that defendant never did invest the money but retained it in his own possession and for his own purposes. That being so, defendant cannot complain if plaintiff chooses to waive a right to fasten upon defendant liability as a trustee and instead to treat the money so taken and used by defendant as a sum loaned to him and to seek its recovery in an action of assumpsit.

The judgment is reversed, and it is directed that the court below enter judgment on the verdict in plaintiff's favor.